ORDER
Justice LEEDS.
On the 2nd day of April, this matter came before the Court for oral argument on appeal from the District Court. The District Court entered judgment in favor of J. Dewayne Littlejohn, Plaintiff/Appel-lee on the _ day of October, 2003 in the amount of $41,300.00. Co-Defendants/Co-Appellees appeal on the following grounds:
1. The District Court erred in denying the Cherokee Nation’s Motion to Dismiss.
2. The District Court erred in applying Article XII protections to the Plaintiff! Appellee.
3. The District Court improperly overruled a decision of the JAT.
4. The District Court erred in denying the Defendants Motion for Summary Judgment.
5. The District court erred by interpreting existing statutes as a waiver of sovereign immunity.
Background
On the 5th day of February, 1998, the Court suspended Plaintiff/ Appellee Little- *8 John from performing duties as a Judge for the District Court. JAT-AD-98-01. The order required Judge Littlejohn to return all court files to the Cherokee Nation courthouse and to stop conducting illegal hearings at the Cherokee Nation complex. The order also directed the Cherokee Nation’s accounting office to cease processing or approving any funding request of Judge Littlejohn, including requests for compensation. Four years later, in June of 2002, Plaintiff/Appellee Littlejohn filed suit in the District Court seeking compensation for services purported rendered after the effective date of Chief Justice Keen’s order.
Rule 3(a) of the Rules and Procedures of the JAT permit the Chief Justice to retain any case, or to assign a matter to one of the Justices. Orders of a single Justice are effective immediately when filed with the Court Clerk. Appeals of those orders, such as the order at issue in this case, must be filed within ten (10) days in the form of a motion for reconsideration en banc If the motion is denied, the order shall be deemed an adjudication of the Court en banc The administrative order in JAT-AD-98-01 is a final order of this Court.
Littlejohn was appointed by the Principal Chief on June 16, 1997 for a four year term of office. His term would have expired in June 2001 had he not been suspended. Salaries of the District Court Judges are fixed pursuant to statute 20 C.N.C.A. § 16. Cherokee Nation refuses Littlejohn’s request for payment.
Discussion
Co-Defendants/Co-Appellants argue that this case should be dismissed based on the doctrine of sovereign immunity because a suit against Chad Smith, Chief of the Cherokee Nation and Callie Ketcher, Controller of the Cherokee Nation, is an unauthorized suit against the Cherokee Nation.
It is well-established as a matter of Cherokee law and federal law that suits against the Indian tribes and in this instance, the Cherokee Nation, are permissible only when the tribe has waived sovereign immunity. Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998); Santa Clara v. Martinez, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); In the Matter of the Appeal of the Miami Tribe of Oklahoma Business Authority, JAT-02-12D (Ordering Remanding to the District Court, February 11,2004). Absent an express waiver of sovereign immunity, causes of actions against the Cherokee Nation are barred. Rorex v. Cherokee Nation, JAT-93-05, 1995 WL 17007141 (1995).
The District Court in this matter awarded judgment in favor of Littlejohn, but the District Court’s findings do not include a ruling that there has been a waiver of sovereign immunity by the Cherokee Nation. In fact, the District Court’s Order dated September 18, 2003, states “that the Sovereign Immunity of the Cherokee Nation is not applicable in this matter nor a bar to the bringing of this action by the Plaintiff.” The District Court’s finding as to the applicability of sovereign immunity is clearly erroneous.
Sovereign immunity is applicable in all causes of action filed against the Cherokee Nation, in Cherokee, state and federal courts. Only where there has been a waiver of sovereign immunity can a cause of action against the Cherokee Nation proceed.
IT IS THEREFORE ORDERED that this matter be remanded to the District Court for findings on the sole issue of whether the Cherokee Nation has waived *9 sovereign immunity. If the District Court concludes that a waiver exists, the Court should set forth the legislation or other documents that constitute such a waiver. If the District Court concludes there is no waiver, the case shall be dismissed for lack of juiisdietion.