OPINION

The Defendants/Appellants, seek review of the trial court’s judgment in favor of PlaintifRAppellee, J. Dewayne Littlejohn. The sole issue before this court is the question of whether the Cherokee Nation has waived sovereign immunity. See Littlejohn v. Smith, 5 Am. Tribal Law 7 (2004). This matter being a question of law, the Court will review the issue de novo.
The district court, relying on Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), Wilcoxen v. Byrd, JAT-98-16-B, 1999 WL 33589128 (1999), Vann v. Salazar, 2011 WL 4953030 (D.D.C.2011), Cherokee Nation Constitution Article II and a few miscellaneous JAT cases made the finding that the Cherokee Nation had waived sovereign immunity and granted a judgment in the amount of $41,300.00.
 This Court must disagree with that analysis. This is a suit specifically against two governmental officials in their official capacity, the Principal Chief and the Controller of the Cherokee Nation. While, the Court agrees that Ex Parte Young allows suits against governmental officials without the Government itself being named a party, there are limitations within that holding. Ex Parte Young stands for the basic premise that a party may obtain declaratory or injunctive relief against governmental officials in their official capacities, not notwithstanding sovereign immunity. See Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). It clearly limits the doctrine to cases where a Plaintiff is seeking injunctive or declaratory relief against a governmental official and is not applicable to cases for money damages. Ex Parte Young cannot be interpreted as a waiver of sovereign immunity. In the instant case, Littlejohn is seeking a monetary award against two governmental officials, not injunctive or declaratory relief, for that reason Ex Parte Young is not applicable. As to Vann, it is an ongoing and complex case and is in no way analogous to the facts in this case.
The Court does recognize that the Wilcoxen case was a lawsuit against the Chief of the Cherokee Nation in his official capacity and resulted in an award of monetary damages. However, there is absolutely no discussion of sovereign immunity within that opinion, nor was it every brought up as being an issue. The mere decision by the tribe to not raise sovereign immunity as a defense within the case cannot be considered a waiver. Waivers of sovereign immunity must be express and unequivocal and will not be implied.
The Court also disagrees that Article II Section 1 of the Cherokee Nation Constitution (1975) constitutes a waiver. The full text of Article II section 1 reads as follows:
The judicial process of the Cherokee Nation shall be open to every member of the Cherokee Nation. Speedy and certain remedy shall be afforded under the *349 terms of this Constitution for every wrong and injury' to person, property or reputation wherein said remedy does not conflict with the laws of the United States. The Council shall prescribe the procedures pertinent thereto. The appropriate protections guaranteed by the Indian Civil Rights Act of 1968 shall apply to all members of the Cherokee Nation.
(emphasis added)
The tribal council prescribed the specific procedure to protect the rights set out in Article II Section 1 when they enacted LA 12-96. The Court declines to make a finding of whether or not Little-john’s “employment/appointment” triggers the application of this statute, it being clear from the procedural history of this case that this is not the legal avenue pursued by Plaintiff Appellee. Even in the event it was to be applicable, the intent of tribal council was extremely clear in the wording of section 1029, it does provide for a waiver of the of sovereign immunity, but this waiver is limited and does not include monetary damages for back pay[1]. Any later amendments to this statute are inapplicable as this was the statute in effect at the time of Littlejohn’s lawsuit.
This case involves a suit against two governmental officials; the tribe is not even a named party to the suit. The Order on remand was quite clear in the instructions given, “If the District Court concludes that a waiver exists, the Court should set forth the legislation or other documents that constitute such a waiver. If the District Court concludes there is no waiver, the case shall be dismissed for lack of jurisdiction.” The Court finds that there is no basis to conclude that the Nation has in any way waived its sovereign immunity as it applies to the facts in the instant matter. The ruling of the District Court is reversed and remanded with instructions to dismiss.

. If the termination is revoked based on a finding that the termination was without cause by a final unappealed decision of the Cherokee Nation Appeals Review Board or by a final decision of the Judicial Appeals Tribunal, the Former Employee shall be immediately restored to Cherokee Nation employment in the same or similar job position, with pay no less than the pay received at the time of termination, and with benefits retroactive to the date of the termination; and his personnel records adjusted as may be consistent with the revocation action of the Cherokee Nation Employee Appeals Boards or Judicial Appeals Tribunal. The remedies provided herein shall be exclusive, and the Cherokee Nation expressly declines to waive sovereign immunity as to suit For recovery of any form of damages or other type of relief other than the relief set forth herein. CNCA Title 51 Section 1029 (emphasis added).